## AFFIDAVIT IN SUPPORT OF FORFEITURE COMPLAINT

I, Douglas Brooks, hereby state as follows:

1. The affiant, Sergeant Douglas Brooks, a Task Force Officer with the Drug Enforcement Administration, being first duly sworn, states that there are reasonable and probable grounds to believe that money seized from a parcel shipped by Albert Bizzell are proceeds from narcotics trafficking, and/or proceeds used or intended to be used to facilitate a violation of the Controlled Substance Act.

2. I have been a police Officer with the Louisville Metro Police Department since October 2006.  I am currently a Sergeant with LMPD Criminal Investigations Division and have been a Task Force Officer with the US Drug Enforcement Administration since May of 2025.

3. During my career as a law enforcement officer, I have participated in investigations involving illegal drugs. Through my training and experience as a police officer and through contacts with other agencies, I know:

    A. That it is common for the drug traffickers to ship illegal drugs, drug paraphernalia, contraband, proceeds of drug sales via United Parcel Service, United Postal Service, FedEx and other shipping/ mailing services to conceal them from Law enforcement authorities.

    B. That certain states and regions within the United States are source regions for narcotics, narcotics transactions and procurements.   The subject parcel was being mailed to California, which has been identified by law enforcement as a known source state for illegal narcotics. As such, controlled substances are frequently transported from the California areas via commercial carrier, and the proceeds from the sale of the controlled substances are frequently returned to the California area via commercial carrier.

    C. That narcotics trafficking is predominately cash based. Currency being sent wire, bank transfer, and or from lending institutions, creates records, a possibility of exposure, and possible seizure. Because of this, narcotics traffickers will utilize other means outside of well-established legal financial practices to avoid detection and possible seizure.

    D. That narcotics traffickers ship currency and narcotics in parcels next and or same day air so they can track their parcel and predict arrival.

    E. Narcotics traffickers, who regularly handle controlled substances, often leave the scent of controlled substances on the box and other packaging materials they handle. Packaging materials are also often stored in close proximity to the controlled substances, transferring the odor to the packaging materials. Narcotic canines are trained to alert on these substances.

Complaint Attachment A-1

F. That narcotics traffickers will pack parcels carrying currency and narcotics with excessive tape, vacuum sealing, and airtight containers to attempt to conceal odors and detection.

G. That narcotics traffickers will ship currency and narcotics with little and/or no personal information for the shipper and receiver in order to obscure the identity of the owner of the parcel.

4. This affidavit is being in support of civil complaint for forfeiture of $32,000 in United States Currency that was seized from a UPS parcel, as described more fully below. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit does not contain all of the information known, it is intended to show merely that there is sufficient reasonable and probable grounds to believe the $32,000 constitutes proceeds traceable to narcotics trafficking, intended for narcotics trafficking, used or intended to be used to facilitate narcotics trafficking in violation of 21 U.S.C. §§ 841 et seq., and subject to forfeiture under 21 U.S.C. § 881(a)(6).

## Facts of the Case

5. On May 14, 2025, members of the Louisville Metro Police Department Parcel Interdiction Unit were conducting parcel interdiction at United Parcel Service 911 Grade Ln. Detective Mike Nobles located a parcel with tracking# 1ZEF214601369731695 being shipped Next Day Air to Encino CA, a known source region of narcotics distribution. Detective Andrew Bratcher, a Kentucky State Trooper working with the Louisville Metro Police Departments Parcel Interdiction Unit, visually and physically inspected the exterior of the package which revealed characteristics that showed the parcel likely contained narcotics/dangerous drugs or narcotics proceeds.

6. Based upon the characteristics of this parcel, it was presented for external examination by Hardin County Sheriff Detective Taylor Miller with narcotics detector canine "Dan" is routinely used to inspect for the presence of narcotics odors. Canine "Dan" has been trained to detect the odor of narcotics and is currently certified to do so. He maintains an annual certification in the detection of narcotics odors and routinely trains on a weekly basis to detect the 4 narcotics odors of marijuana, heroin, methamphetamine, and cocaine. Detective Taylor Miller, "Dan" handler, advised the canine indicated a positive alert on the package for the odor of a controlled substance the canine is trained to recognize.

7. The label on the parcel showed that it was shipped from AL Bizzell [listed number known but omitted here] and the shipper utilized THE UPS STORE #5902 STE 103 11610 PLEASANT RIDGE RD. LITTLE ROCK, AR 72223 as the shipping address instead of a home address.

1. The parcel recipient's name listed on the parcel is David Young #441 16060 VENTURA BLVD ENCINO, CA 91436, with no listed phone number. Det. Mike Nobles queried

"CLEAR" for recipient's address listed on the parcel and did not get a match with that name. The address, 16060 Ventura Blvd Encino, CA 91436, is a strip mall for businesses. Within those businesses is "Bizzy Box". Bizzy Box is a printing, mailbox, and notary store.

2. A warrant was obtained and upon opening, the parcel showed an excessive amount of glue on the inside flaps of the box. The parcel was packaged in a "layering' manner, consistent with narcotics related parcels. Inside of the box was a black Apache Rugged Mobility case packed in black foam in the box. Inside of the case there were three separate vacuum sealed bags with U.S. Currency. Inside the vacuum sealed bags, nine separate stacks of hundreds and twenties were rubber banded together. The currency totaled $32,000.

3. The listed parcel was being shipped, UPS Next Day Air to Encino California, which is a known source region for narcotics. Next day air is utilized by those attempting to conceal criminal narcotics and/or currency to better predict its arrival and location.

4. The currency was vacuum packed, which is indictive of those attempting to mask orders related to narcotics. The currency was stored in an Apache Rugged Mobility case which is airtight and helps to mask the odor of narcotics.

5. The recipient of the parcel sent by Albert Bizzell is listed as David Young with no additional identifiers. A search of CLEAR for David Young in Encino CA resulted in 24 different listings. A search of NADDIS with the information provided by CLEAR did not provide any useful information. With no additional identifying information for David Young, I was unable to conduct an NCIC search.

6. DEA began administrative forfeiture proceedings against the $32,000 and sent notice to Albert Bizzell who filed a claim for the money, which was received on or about July 16, 2025. In his claim, he states that he received over $300,000 in insurance proceeds because his home was destroyed by a tornado in March of 2023. He stated that the $32,000 was "intended for a large personal purchase" and he mailed the funds "to expedite the transaction." No records were attached to his claim.

7. Your affiant was able to locate a previous parcel interdiction on August 23, 2022, where DEA intercepted a parcel containing 1,944.9 grams of cocaine before it could be delivered to Albert Bizzell. DEA Agents contacted the City of Little Rock Treasury Department and requested a business license for the address on the shipping label. The address was 5207 Scott Hamilton Dr. Little Rock, AR. The business name for the aforementioned address was Mobile ETC. The listed owner of Mobile ETC was Albert Bizzell.

Complaint Attachment A-3

8. Albert Bizzell has a criminal history related to narcotics and narcotics trafficking in Little Rock, Arkansas: Possession of a Controlled Substance Schedule I, II (2000); Criminal Conspiracy (2008); Possession of a Controlled Substance Schedule I, II (2000) was amended to Possession of a Controlled Substance without a Prescription 3rd Offense (Felony). Albert Bizzell plead guilty to this charge on 06/08/2001. Criminal Conspiracy (2008) was amended to Criminal Attempt. Albert Bizzell plead guilty to this charge on 05/18/2009.

9. FinCEN records show that from 2015 through 2025, Currency Transaction Reports (CTRs) for cash deposits over $10,000 were filed that showed Bizzell deposited approximately $527,488 in cash, in 6 different bank accounts. Bizzell withdrew approximately $1,237,075 in cash during the same time period (CTRs are only filed on deposits/withdrawals over $10,000 in cash, so the CTR totals very likely underrepresent the total amount of cash deposited/withdrawn). The records also show that Bizzell exchanged approximately $205,260 in United States Currency. A currency exchange or refinement consists of exchanging small currency denominations for larger currency denominations. A currency exchange reduces the physical size of the U.S. currency which makes it easier for narcotics traffickers to transport and harder for law enforcement to detect. Furthermore, law enforcement officers know that narcotic traffickers also exchange "street" currency at banks for "clean" currency, to attempt to avoid detection from narcotic detection dogs. Bizzell also conducted some of these deposits/withdrawals on behalf of Mobile Etc., Inc., and as noted above, both that company and Bizzell were directly linked to the delivery/recipient address on the parcel containing cocaine that DEA seized in 2022.

10. In 2020 and 2023, civil judgments (default) over $13,000 (approximately) were entered against Bizzell and/or Mobile Etc. Inc., in Pulaski County Circuit Court Case Nos. 60CV-19-8348 and 60CV-23-3974, in Little Rock, Arkansas.

## **CONCLUSION**

There is probable cause to believe that the defendant property listed above and in the Complaint is subject to forfeiture to the United States, as proceeds directly and indirectly traceable to drug trafficking in violation of 21 U.S.C. §§ 841 and 846 (both facilitating and proceeds thereof), and proceeds intended to be furnished in exchange for controlled substances. Consequently, the property is subject to forfeiture under 21 U.S.C. § 881(a)(6).

DOUGLAS BROOKS (Affiliate)
Digitally signed by DOUGLAS BROOKS (Affiliate)
Date: 2025.10.10 11:33:09 -04'00'